Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Kimberlee L. Gunning, *Admitted Pro Hac Vice*
Email: kgunning@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

Gayle Blatt, CSB #122048
Email: gmb@cglaw.com
Mark Ankcorn, CSB #166871
Email: mark@cglaw.com
CASEY GERRY SCHENK FRANCAVILLA BLATT
  & PENFIELD LLP
110 Laurel Street
San Diego, California 92101-1486
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MAGYAR, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DELL INC., and DELL FINANCIAL SERVICES LLC,<br><br>    Defendants. | NO. 3:12-cv-01899-H-RBB<br><br>**FIRST AMENDED COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>**Jury Trial Demanded**<br><br>Honorable Marilyn L. Huff<br><br>Filed: August 1, 2012 |

1    Plaintiff Rose Magyar ("Plaintiff") individually and on behalf of all others similarly
2    situated, makes the following allegations and claims against Dell Inc. and Dell Financial
3    Services LLC ("Defendants"), upon personal knowledge, investigation of her counsel, and on
4    information and belief.

5    1.    This action seeks redress for business practices that violate the Telephone
6    Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. ("TCPA").

7    2.    The Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47
8    U.S.C. § 227(b) and 28 U.S.C. § 1331.

9    3.    Venue is proper in the district as Plaintiff resides in San Diego County and the
10   actions which give rise to this Complaint occurred in this District.

11   **I.  PARTIES**

12   4.    Plaintiff Rose Magyar is a natural person who resides in San Diego County,
13   California, and within the Southern District of California.  Plaintiff is the account holder of a
14   cellular telephone number and pursuant to the terms of her contract is charged for each call
15   within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

16   5.    Dell Inc. is a global information technology company that offers a broad range
17   of computer hardware, software, and consulting services to customers including consumers,
18   small and large businesses, as well as governments.  As a regular part of its business
19   operations, it extends credit to consumers and services those debts.  It operates from its
20   principal place of business at One Dell Way, Round Rock, Texas, 78682.

21   6.    Dell Financial Services LLC is a subsidiary of Dell Inc.  As a regular part of its
22   business operations, it extends credit to consumers and services those debts.  It operates from
23   its principal place of business at One Dell Way, Round Rock, Texas, 78682.

24
25
26
27

## II. FACTS

7.      Directly as well as through their subsidiaries, contractors and agents, Defendants employ hundreds of persons at various call centers throughout the country.  These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of accounts serviced by Defendants.

8.      Part of Defendants' regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due accounts.

9.      On or before October 14, 2011, Defendants began calling Plaintiff on her personal cellular telephone. At no time relevant to the claims stated herein did she give consent to Defendants to call her cellular telephone using an automated telephone dialing system.

10.     Over the next six weeks, Defendants placed more than one hundred calls at different times to Plaintiff's cellular telephone.  Defendants frequently, though not always, left messages using an artificial or pre-recorded voice.

11.     Each of the calls placed by Defendants were made by means of an automatic telephone dialing system as defined by the Federal Communications Commission.

12.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations*

FIRST AMENDED COMPLAINT - 3
CASE NO. 3:12-CV-01899-H-RBB

*Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14.    On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL65485 (F.C.C.) (2008).

15.    The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶10).

16.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff gave her express consent to call her cell phone within the meaning of the statute.  *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

17.    Plaintiff never gave her express consent to receive calls on her cellular telephone.

18.    To the contrary, during several of the calls, Plaintiff clearly and unequivocally instructed Defendants and their agents to stop calling her cell phone.

19.    On August 11, Plaintiff filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code and amended the relevant schedules to include "Dell" as a potential creditor on August 26, 2011.

20.    Dell was sent notice of the automatic stay and the meeting of creditors on August 25, 2011 and received that written notice shortly thereafter.

FIRST AMENDED COMPLAINT - 4
CASE NO. 3:12-CV-01899-H-RBB

21.     The written notice received by Dell included instructions that all debt collection efforts relating to Plaintiff must immediately cease.  Specifically, Dell was instructed that "Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment . . . ."

22.     Despite actual knowledge of Plaintiff's bankruptcy proceedings and ignoring Plaintiff's repeated instructions to cease contact, Defendants or an agent or contractor acting on their behalf nevertheless placed more than 100 calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

23.     Defendants acted willfully or knowingly or both in calling numbers using an autodialer without regard to the TCPA or whether the number was assigned to a cellular telephone.

24.     In calling Plaintiff on her cellular telephone lines dozens of times at multiple times per day, Defendants violated 47 U.S.C. § 227(b).

### III.  CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of all others similarly situated.

26.     The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons within the United States who, on or after August 1, 2008, received an non-emergency telephone call from Defendants to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls.

27.     Collectively, these persons will be referred to as "Class members."  Plaintiff represents, and is a member of, the Class.  Excluded from the Class are Defendants and any entities in which Defendants or their subsidiaries or affiliates have a controlling interest, Defendants' agents and employees, the judicial officer to whom this action is assigned and any

FIRST AMENDED COMPLAINT - 5
CASE NO. 3:12-CV-01899-H-RBB

member of the court staff and immediate family, and claims for personal injury, wrongful death, and emotional distress.

28.     Plaintiff does not know the exact number of members in the Class, but based upon Defendants' public statements regarding their business in the United States, Plaintiff reasonably believes that Class members number at minimum in the hundred thousands.  This Class size includes consumers who are borrowers on a consumer loan serviced or co-serviced by Defendants, as well as persons who co-signed for such debts; other consumer and business loans serviced by Defendants or their affiliates; persons who received telemarketing solicitations and other notices from Defendants, whether by means of a voice call or text message; and all other persons whom Defendants or their affiliates, agents, contractors, or employees dialed (or mis-dialed).

29.     There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including, whether Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, in violation of the TCPA.

30.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

31.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation.

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for the following reasons:

FIRST AMENDED COMPLAINT - 6
CASE NO. 3:12-CV-01899-H-RBB

1          a.     It is economically impractical for members of the Class to prosecute

2   individual actions;

3          b.     The Class is readily definable; and

4          c.     Prosecution as a class action will eliminate the possibility of repetitious

5   litigation.

6       33.     A class action will cause an orderly and expeditious administration of the claims

7   of the Class. Economies of time, effort, and expense will be fostered and uniformity of

8   decisions will be ensured.

9       34.     Class wide relief is essential to compel Defendants to comply with the TCPA.

10   The interest of Class members in individually controlling the prosecution of separate claims

11   against Defendants is small because the statutory damages in an individual action for violation

12   of the TCPA are small.  Management of these claims is likely to present significantly fewer

13   difficulties than are presented in many class claims because the calls at issue are all automated

14   and the Class members, by definition, did not provide the prior express consent required under

15   the statute to authorize calls to their cellular telephones.

16       35.     Defendants have acted on grounds generally applicable to the Class, thereby

17   making final injunctive relief and corresponding declaratory relief with the respect to the Class

18   First Claim for Relief

19       36.     Plaintiff re-alleges and incorporate by reference the above paragraphs as though

20   set forth fully herein.

21       37.     The foregoing act and omissions of Defendants constitute numerous and

22   multiple violations of the TCPA, including but not limited to each of the above-cited provisions

23   of 47 U.S.C. § 227 *et seq.*

24

25

26

27

FIRST AMENDED COMPLAINT - 7
CASE NO. 3:12-CV-01899-H-RBB

38.     As a result of Defendants' negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such negligent conduct that violates the TCPA by Defendants in the future.

## IV.  SECOND CLAIM FOR RELIEF

40.     Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

41.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42.     As a result of Defendants' knowing and willful violations of the TCPA, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

43.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting such willful conduct that violates the TCPA by Defendants in the future.

44.     Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants Dell Inc. and Dell Financial Services LLC for the following:

A.     An injunction against the calling of cellular telephones by Defendants and their contractors, agents and employees, except where the cellular telephone subscriber has provided prior express consent to the calls;

B.     Damages pursuant to 47 U.S.C. § 227(b)(3);

1    C.      Costs of litigation and reasonable attorneys' fees; and

2    D.      Such other and further relief as the Court may deem just and proper.

3                              **VI.  DEMAND FOR JURY**

4    Plaintiff demands a jury for all issues so triable.

5    RESPECTFULLY SUBMITTED AND DATED this 8th day of October, 2012.

6                              TERRELL MARSHALL DAUDT & WILLIE PLLC

7                              By:   /s/ Beth E. Terrell, CSB #178181
8                                   Beth E. Terrell, CSB #178181
                                    Email: bterrell@tmdwlaw.com
9                                   Kimberlee L. Gunning, *Admitted Pro Hac Vice*
                                    Email:  kgunning@tmdwlaw.com
10                                  936 North 34th Street, Suite 400
                                    Seattle, Washington  98103-8869
11                                  Telephone:  (206) 816-6603
                                    Facsimile:  (206) 350-3528
12
13                                  Gayle Blatt, CSB #122048
                                    Email:  gmb@cglaw.com
14                                  Mark Ankcorn, CSB #166871
                                    Email:  mark@cglaw.com
15                                  CASEY GERRY SCHENK FRANCAVILLA
16                                      BLATT & PENFIELD LLP
                                    110 Laurel Street
17                                  San Diego, California  92101-1486
                                    Telephone:  (619) 238-1811
18                                  Facsimile:  (619) 544-9232

19                                  *Attorneys for Plaintiff and the Proposed Class*

20

21

22

23

24

25

26

27

FIRST AMENDED COMPLAINT - 9
CASE NO. 3:12-CV-01899-H-RBB

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on October 8, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Brandon Wisoff, CSB #121930
Email:  bwisoff@fbm.com
Diego Acevedo, CSB #244693
Email:  dacevedo@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Paul Schlaud, *Admitted Pro Hac Vice*
Email:  pschlaud@reevesbrightwell.com
Sinéad O'Carroll, *Admitted Pro Hac Vice*
Email:  socarroll@reevesbrightwell.com
REEVES & BRIGHTWELL LLP
221 West Sixth Street, Suite 1000
Austin, Texas  78701-3410
Telephone:  (512) 334-4500
Facsimile:  (512) 334-4492

*Attorneys for Defendants*

DATED this 8th day of October, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Beth E. Terrell, CSB #178181
Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

*Attorneys for Plaintiff and the Proposed Class*

FIRST AMENDED COMPLAINT - 10
CASE NO. 3:12-CV-01899-H-RBB