# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MAGYAR, on behalf of herself and all others similarly situated,<br><br>                        Plaintiff,<br>     vs.<br><br>DELL, INC.; and DELL FINANCIAL SERVICES LLC,<br><br>                        Defendants. | CASE NO. 12-CV-1899 H (RBB)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO COMPEL ARBITRATION**<br><br>[Doc. No. 19] |

On December 17, 2012, Defendants Dell, Inc. and Dell Financial Services LLC ("Dell") filed a motion to compel arbitration. (Doc. No. 19.) On January 7, 2013, Plaintiff Rose Magyar filed a notice of non-opposition to Dell's motion to compel arbitration. (Doc. No. 20.) A hearing on the matter is currently scheduled for January 22, 2013 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court grants Dell's motion to compel arbitration.

## Background

On August 1, 2012, Plaintiff filed a class action complaint against Dell, Inc., alleging causes of action for violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §§ 227 et seq. (Doc. No. 1.) On October 8, 2012, Plaintiff filed a first amended

complaint adding Dell Financial Services LLC as a Defendant. (Doc. No. 12.) By the present motion, Dell moves to dismiss or stay this action and compel arbitration of Plaintiff's claims pursuant to an agreement that Plaintiff entered into with Dell Financial Services LLC. (Doc. No. 19-1.) In response, Plaintiff states that "[a]fter careful consideration of the controlling authorities, review of newly-discovered facts, and negotiations with Dell's counsel, Plaintiff has concluded that opposition to the motion would be futile at this juncture." (Doc. No. 20 at 2.)

## Discussion

### I. Legal Standards

The Federal Arbitration Act ("FAA") provides that a written provision in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has explained that the FAA reflects an "emphatic federal policy in favor of arbitral dispute resolution." KPMG LLP v. Cocchi, 132 S. Ct. 23, 25 (2011); see also AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011) (stating that the FAA reflects a "'liberal federal policy favoring arbitration agreements.'"). Under the FAA, federal courts are required to rigorously enforce an agreement to arbitrate. See AT&T Mobility, 131 S. Ct. at 1745-46; Perry v. Thomas, 482 U.S. 483, 490 (1987). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).

"The court's role under the Act is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). In determining the existence of an agreement to arbitrate, courts look to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996); see also

1 Rent-A-Center, West, Inc., v. Jackson, 130 S. Ct. 2772, 2776 (2010) ("[A]rbitration is a matter of contract."). In addition, courts are directed to resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ., 489 U.S. 468, 476 (1989).

## II. Analysis

Dell has presented the Court with evidence showing that Plaintiff entered into a credit agreement with Dell Financial Services LLC containing an arbitration clause when she opened a Dell Preferred Account to finance her purchases of Dell products. (Doc. No. 19-2, Declaration of Stephen J. Snyder ("Snyder Decl.") ¶¶ 7-10, 14.) Plaintiff does not dispute that she entered into this agreement with Dell Financial Services LLC; indeed, Plaintiff does not oppose Dell's motion. (Doc. No. 20.)

The credit agreement contains the following arbitration provision:

> [A]ny claim, dispute or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, cross-claims and third-party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity and enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim") shall be decided, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules and procedures of the arbitration administrator . . . .

(Doc. No. 19-2, Snyder Decl. Ex. A at 5.) The agreement also provides that "[c]laims subject to this arbitration provision may not be . . . arbitrated on a class basis, in a representative capacity on behalf of the general public . . . ."[1] (Id.)

Plaintiff's claims for violations of the TCPA are based on allegations that Dell repeatedly called Plaintiff in an effort to collect on a past-due balance. (FAC ¶¶ 7-11.) Dell argues that Plaintiff's claims are clearly subject to the above arbitration provision because the claims arise out of her relationship with Dell resulting from the credit agreement. (Doc. No.

---

[1] The agreement also provides that the arbitration provision also applies to Dell Financial Services LLC's parent company Dell, Inc. (Doc. No. 19-2, Snyder Decl. Ex. A at 5 ("For purposes of this arbitration provision, the terms 'we' and 'us' shall mean CIT Bank and Dell Financial Services LLC, their parents, direct and indirect subsidiaries [and] affiliates . . . .").)

19-1 at 10.) Plaintiff does not dispute that her claims are subject to the arbitration provision and concedes that opposition to Dell's motion would be futile. (Doc. No. 20.) The Court concludes that Plaintiff's TCPA claims are subject to the arbitration provision contained in the credit agreement. See, e.g., McNamara v. Royal Bank of Scot. Group, PLC, 2012 U.S. Dist. LEXIS 158580 (S.D. Cal. Nov. 5, 2012) (finding plaintiff's claims for violation of the TCPA were subject to arbitration based on an arbitration provision contained in a Credit Card Agreement); Knutson v. Sirius XM Radio Inc., 2012 U.S. Dist. LEXIS 75698 (S.D. Cal. May 31, 2012) (finding plaintiff's claims for violation of the TCPA were subject to arbitration based on an arbitration provision contained in a Customer Agreement). Accordingly, the Court grants Dell's motion to compel arbitration of Plaintiff's claims.

## Conclusion

For the reasons above, the Court grants Dell's unopposed motion to compel arbitration. The Court dismisses the action without prejudice to the parties seeking to reopen the case to enforce any arbitration award.

**IT IS SO ORDERED.**

DATED: January 10, 2013

*[signature]*

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT